UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAHEEM RASHON HILTS,

                        Plaintiff,

            v.                                         1:21-CV-187
                                                        (LEK/DJS)

ARUN DHINGRA,

                        Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

JAHEEM RASHON HILTS
Plaintiff, *Pro Se*
Schenectady, New York 12307

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court Plaintiff's *pro se* Complaint. Dkt. No. 1, Compl. The Court has previously granted leave to proceed *in forma pauperis*. In accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

      The Complaint in this action was filed by using a form complaint for actions under 42 U.S.C. § 1983. *See generally* Compl. Plaintiff alleges that while at an emergency room seeking treatment for back pain, he was improperly admitted to a mental health unit. *Id.* at pp. 2-3. Defendant is alleged to be a "psychiatric doctor" and Plaintiff claims that Defendant lied to him to have admitted to that unit. *Id.* at pp. 1-2. Plaintiff denies the need for any mental health treatment. *Id.* at p. 2.

It is well settled that a federal court, whether trial or appellate, is obligated to notice on its own motion the basis for its jurisdiction. *City of Kenosha, Wisconsin v. Bruno*, 412 U.S. 507, 512 (1973); *see also Alliance of Am. Ins. v. Cuomo*, 854 F.2d 591, 605 (2d Cir. 1988) (challenge to subject matter jurisdiction cannot be waived); FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte*). When subject matter jurisdiction is lacking, dismissal is mandatory. *United States v. Griffin*, 303 U.S. 226, 229 (1938); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Plaintiff alleges that the Court has federal question jurisdiction over this case. Compl. at p. 1. The specific causes of action identified by Plaintiff, however, do not demonstrate the existence of a federal question. Plaintiff alleges that he received a wrong diagnosis, was lied to by medical personnel, and that Defendant did not show Plaintiff respect or professionalism. *Id.* at p. 3. No federal constitutional or statutory cause of action is cited. Instead it appears that Plaintiff's Complaint alleges medical malpractice, which does not present a federal question. *Antonetti v. City of New York*, 2014 WL 4161968, at *5 (E.D.N.Y. Aug. 19, 2014) (citing cases). Dismissal based on the lack of subject matter jurisdiction, therefore, is appropriate.

In addition, "[b]ecause the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under §

1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005)) (internal quotations and alterations omitted). To the extent Plaintiff seeks to proceed under section 1983 dismissal is also appropriate because Plaintiff has failed to make any allegations establishing that Defendant engaged in state action.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The Court therefore recommends that the Complaint be dismissed without prejudice to the filing of an Amended Complaint that specifically details the basis for jurisdiction and Plaintiff's precise claims.

**ACCORDINGLY**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED without prejudice** with leave to file an amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 3, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).